JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERS PAGH, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants.<br>JERRY LEE FORNEY, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM DESTINATIONS, INC.; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 8:19-cv-00812-JWH-ADSx<br><br>**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**<br>**[ECF No. 49]** |

Before the Court is the motion by Plaintiffs Anders Pagh and Jerry Lee Forney for final approval of a class action settlement.[1] Defendants Wyndham Vacation Ownership, Inc. and Wyndham Destinations, Inc. do not oppose the Motion.[2] The Court conducted a hearing on the Motion on March 19, 2020. Having considered the papers filed in support of the Motion, and in the absence of any opposition, the Court **MAKES THE FOLLOWING FINDINGS AND HEREBY ORDERS**:

1. This Order incorporates by reference the definitions in the Settlement Agreement[3] and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiffs and Class Members.[4]

3. Defendants promulgated the notice required by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), on November 9, 2020.[5] CAFA provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after" the requisite notice is provided. 28 U.S.C. § 1715(d). Here, the requisite time has passed since service of the notice for this Court to issue this Order.

---

[1] Pls.' Mot. for Order Granting Final Approval of Class Action Settlement (the "Motion") [ECF No. 49].

[2] Defs.' Notice of Non-Opp'n to the Motion [ECF No. 50].

[3] *See* Joint Stipulation of Class Action Settlement and Release (the "Settlement Agreement" or "Settlement") [ECF No. 33-2, Ex. 1]. Unless otherwise cited by paragraph, citations to the Settlement Agreement herein refer to the ECF page number.

[4] *See id.* at ¶¶ 5 & 8 (defining "Settlement Class" and "Class Member").

[5] Suppl. Decl. of Tarus Dancy on Behalf of CPT Group, Inc. with Respect to Notification, Proof of Processing and Req. for Exclusion (the "Suppl. Dancy Decl.") [ECF No. 49-5] ¶ 4.

1       4.      On September 23, 2020, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court—the Honorable James V. Selna presiding—granted preliminary approval of the Settlement Agreement.[6] On October 12, 2020, this Court adopted the First Preliminary Approval Order and granted preliminary approval of the Settlement.[7] Pursuant to the Preliminary Approval Order, the Court-appointed Settlement Administrator, CPT Group, Inc.,[8] mailed a Class Notice[9] and Class Information Sheet[10] (jointly, the "Class Notice") to all known Class Members by First Class U.S. Mail.[11] The Class Notice fairly and adequately informed Class Members of the terms of the proposed Settlement Agreement and the benefits available to Class Members thereunder.[12] The Class Notice further informed Class Members of the pendency of the Action, of the proposed Settlement Agreement, of their right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of the preliminary Court approval of the proposed Settlement Agreement, of the exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to appear in connection with the Final Approval Hearing.[13] Class Members had adequate time to use each of these procedures. The Court finds that this notice procedure afforded adequate

---

[6]     *See* Order Regarding Preliminary Approval of Class Action Settlement (the "First Preliminary Approval Order") [ECF No. 39].

[7]     *See* Order Re Second Revised Order Granting Preliminary Approval of Class Action Settlement and Setting Final Hearing for Class Settlement Approval (the "Preliminary Approval Order") [ECF No. 43].

[8]     *See id.* at ¶ 8.

[9]     *See* Settlement Agreement, Ex. A (the "Notice"). Unless otherwise indicated, citations to the Notice herein refer to the ECF page number.

[10]    *See* Settlement Agreement, Ex. B (the "Class Information"). Unless otherwise indicated, citations to the Class Information herein refer to the ECF page number.

[11]    Suppl. Dancy Decl. ¶ 4.

[12]    *See generally* Notice 71–82.

[13]    *See generally id.*

protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement Agreement based upon the responses of Class Members. The Court finds that the Class Notice provided in this Action was the best notice practicable and that the Class Notice satisfied the requirements of law and due process.

5. In response to the Class Notice, no Class Members objected to the Settlement, and only four Class Members requested exclusion from the Settlement.[14] The Class Members that requested exclusion from the Settlement are John Bradley Austin, Cathy Lavera Jones, Abby Lynn Corpodian, and Novell Marie Riley.[15] These Class Members who requested exclusion from the Settlement shall not be bound by the terms of the Settlement, and they are not bound by the release contained therein.[16]

6. The Court finds that the Settlement offers significant monetary recovery to all Class Members[17] and finds that such recovery is fair, adequate, and reasonable when balanced against further litigation related to liability and damages issues.[18] The Court further finds that extensive and costly investigation, formal and informal discovery, research, and litigation have been conducted such that Class Counsel and Defense Counsel are able reasonably to evaluate their respective positions at this time.[19] The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action.[20] The Court further finds that the Settlement has been reached as the

---

[14] *See* Suppl. Dancy Decl. ¶¶ 8 & 9.
[15] *Id.* at ¶ 8.
[16] *See* Settlement Agreement 54:16–55:24.
[17] *See* Motion 2:26–3:20.
[18] *See id.* at 12:23–15:2.
[19] *See id.* at 15:3–17.
[20] *See id.* at 12:23–15:2.

result of intensive, serious, and non-collusive arms-length negotiations.[21] Thus, the Court approves the Settlement set forth in the Settlement Agreement; finds that the Settlement is, in all respects, fair, adequate, and reasonable; and directs the Parties to effectuate the Settlement according to its terms.

7. The Court **HEREBY ORDERS** the Settlement Administrator to distribute the Individual Settlement Amounts to Class Members in accordance with the provisions of the Settlement.

8. For the purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Plaintiffs Anders Pagh and Jerry Lee Forney ("Plaintiffs") as the class representatives for the Class. Plaintiffs request a service award of $10,000 each. In support of the requested service award, Plaintiffs submit evidence showing their substantial participation in this case.[22] The requested service award of $10,000 to each class representative entails 0.67% of the gross settlement amount, which is within the range of reasonableness approved by the Ninth Circuit. *See In re Online DVD-Rental Antitrust Litg.*, 779 F.3d 934, 942–43 (9th Cir. 2015). Furthermore, the requested service award falls within the range of incentive payments typically awarded to class representatives in similar wage and hour class actions. *See, e.g., Howell v. Advantage RN, LLC*, 2020 WL 5847565, at *5 (S.D. Cal. Oct. 1, 2020) (approving $10,000 service award in wage and hour class action); *Bond v. Ferguson Enterprises, Inc.*, 2011 WL 2648879, at *2 (E.D. Cal. June 30, 2011) (approving $11,250 service award to each of the two class representatives); *Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *17 n.8 (N.D. Cal. Apr. 22, 2010) (observing that "[n]umerous courts in the Ninth

---

[21] *See id.* at 15:18–16:25.

[22] *See generally* Decl. of Class Representative Anders Pagh in Supp. of the Motion [ECF No. 49-3]; Decl. of Class Representative Jerry Lee Forney in Supp. of the Motion [ECF No. 49-4].

Circuit and elsewhere have approved incentive awards of $20,000 or more," and collecting those cases). Based upon the foregoing, the Court approves a Service Award to Plaintiffs in the amounts of $10,000 each. The Court **HEREBY ORDERS** the Settlement Administrator to distribute the Service Awards to Plaintiffs in accordance with the provisions of the Settlement.

9. For the purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Craig J. Ackermann of Ackermann & Tilajef, P.C.; Jonathan Melmed of Melmed Law Group P.C.; Mehrdad Bokhour of Bokhour Law Group, P.C.; Gregory P. Wong of Barkhordarian Law Firm, PLC; and Sandeep J. Shah of Shah Sheth LLP as Class Counsel. For the reasons set forth in detail in the Court's concurrent Order Granting Plaintiffs' Motion for Award of Attorneys' Fees and Costs,[23] the Court finally approves a Class Counsel Fees Award of 30% of the Gross Settlement Amount or $450,000, as fair and reasonable. The Court also finally approves a Class Counsel Costs Award, as fair and reasonable, not to exceed $15,603.83. The Class Attorneys' Fees and Expenses shall be for all claims for Class Counsel's attorneys' fees and litigation costs past, present, and future incurred in the prosecution and resolution of the Claims, and neither Class Counsel, nor any other counsel, shall be permitted to petition the Court, or to accept any payments, for fees and costs relating to the prosecution and resolution of the Claims other than the Class Attorneys' Fees and Expenses awarded herein. The Court **HEREBY ORDERS** the Settlement Administrator to distribute the Class Attorneys' Fees and Expenses to Class Counsel in accordance with the provisions of the Settlement.

---

[23] The Court will concurrently enter a separate order granting Plaintiffs' Motion for Order Granting Award of Attorneys' Fees and Costs [ECF No. 46].

10. For the purposes of this Order and this Settlement only, the Court hereby finally approves Settlement Administration Costs of $15,603.83 as fair and reasonable.

11. As of the Effective Date, every Class Member shall have conclusively released the Released Claims against the Released Parties, including for any injunctive or declaratory relief.

12. Pursuant to the Settlement Agreement, Plaintiffs agree to a complete and general release, and a waiver under Cal. Civ. Code § 1542, to the Released Parties, as defined and set forth fully in the Settlement Agreement.

13. After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, the Court **HEREBY DIRECTS** Defendants to file a report with this Court certifying compliance with the terms of the Settlement.

14. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendants or any of the other Released Parties of any fault, wrongdoing, or liability whatsoever. Nor is this Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendants or any of the other Released Parties. The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants or any of the other Released Parties and shall not be offered in evidence against Defendants or any of the Released Parties in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Settlement Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the

Action or in any other proceeding this Order, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of *res judicata*, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion, or similar defense with respect to the Released Claims.

15. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendants consistent with the terms of the Settlement, then this Order and all orders entered in connection herewith, including any order certifying the Class, appointing a class representative, or appointing Class Counsel, shall be rendered null and void and shall be vacated.

16. Final Judgment is **HEREBY ENTERED** based upon the parties' class action Settlement Agreement. Without affecting the finality of this Final Approval Order and Final Judgment in any way, this Court retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

Dated: March 23, 2021

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE